UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                          Criminal No. 00-cr-11-1-SM

<u>Harold Naparst</u>

**<u>O R D E R</u>**

The United States Attorney opposes defendant's motion for early termination (by approximately four months) of his three-year period of supervised release, in part on grounds that the supervising probation office in Boston "objects to the early termination of supervised release in all cases." That is hard to believe, but if it is so, then the probation office has effectively disclaimed the influence it should rightly have in resolving close early termination petitions. Blanket inflexible policies may be the easiest to administer, but a recommendation based upon the exercise of informed and discrete professional judgment is far more likely to facilitate the administration of justice than is an automatic opposition dictated by policy. This is a close case.

Defendant's crimes were serious and his convictions stand as a sharp warning of future risk to the public.  On the other hand, he has completed his prison sentence without incident, he has faithfully complied with all of the terms of his supervised release for over two and one-half years; he has not been cited for even a minor infraction; he has been law-abiding; he has successfully completed a specialized sex offender treatment program and is voluntarily continuing with individual psychotherapy; his qualified treating psychologist reports that defendant now is properly placed in the "lower risk group" with respect to likelihood of recidivism[1]; he has been rated by the Massachusetts sex registration board at the lowest of three

---

[1]  Dr. Paul D. Zeizel, Psy.D., reports:

> Looking into the future, I can say that Mr. Naparst presents at a very low risk of recidivism.  As an examiner approved by the Commonwealth of Massachusetts, to render opinions pertaining to sexual dangerousness, I have examined over 500 individuals.  Mr. Naparst places in the top one percent of individuals who I have examined who are at a very low risk of recidivism, and who therefore present very little risk to the community.  . . . Mr. Naparst's offense appears to be a singular anomaly in an otherwise moral and law-abiding life.  Report dated June 21, 2005 (Exhibit A, document no. 93).

levels with respect to predictions of future dangerousness; and he has put his intellectual and practical skills to work for the community at-large during his period of supervision.

   Defendant seeks to reestablish his career in the financial and investment field by forming a start-up venture capital firm in Canada, which prospect is made somewhat complicated by his current supervised release status.  Whether the final few months of supervised release will make any significant difference in defendant's successful rehabilitation and reintegration into society, or will make a meaningful difference in protecting the public, are perhaps debatable issues (the government apparently thinks it will; the probation office offers nothing beyond "opposition in all cases").  The court is informed, however, that defendant has done all that has been demanded of him, and has gone beyond what has been demanded in pursuit of genuine personal rehabilitation.  That full compliance, and the prospect that his effort to start a self-supporting business will be aided by early release, as well as the unlikelihood that an additional few months of continued supervision (which in defendant's case is essentially administrative at this point) will make a marked

difference one way or the other, all combine to persuade the court that early termination of the modest degree sought has been earned and is warranted.

The motion to terminate supervised release (document no. 93) is granted. Supervised release shall be terminated, effective August 12, 2005.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 2, 2005

cc: Helen W. Fitzgibbon, Esq.
    Cathy J. Green, Esq.
    U.S. Probation
    U.S. Marshal